UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCOS R. CHAVEZ,

    Petitioner,

v.

GIGI MATTESON,

    Respondent.

Case No. 22-cv-02819-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state court convictions. The petition for such relief is untimely, however, as pointed out in respondent's motion to dismiss. (Dkt. No. 14.) The filing deadline for the petition was March 8, 2017, but the petition was not filed until May 2, 2022. The motion is GRANTED and the petition is DISMISSED.

## BACKGROUND

In 2016 petitioner pleaded guilty in the Santa Cruz County Superior Court to charges of robbery, kidnapping, voluntary manslaughter, making terrorist threats, assault with great bodily injury, and committing a hate crime. (Pet., Dkt. No. 1 at 2.) As part of his plea bargain, petitioner waived his appellate rights and his right to challenge collaterally his conviction. (Respondent's Motion to Dismiss (MTD), Superior Court Minute Order, Dkt. No. 14-1 at 18.) A sentence of 30 years was imposed on March 7,

2016.  (*Id.*, Opp. to State Supreme Court Habeas Petition, Dkt. No. 14-1 at 7; Pet., Dkt. No. 1 at 2.)  Because petitioner waived his appellate rights, his conviction became final on the day he was sentenced, March 7, 2016.[1]  This means he had until March 8, 2017, one year after his convictions became final, to file a timely federal habeas petition.  28 U.S.C. § 2244(d).  His federal petition was not filed until May 2, 2022, which is well past the deadline.

On April 23, 2021, four years after his conviction became final, petitioner filed a habeas petition in the state superior court, which was denied on June 16, 2021.  (Pet., Dkt. No. 1 at 4-5.)  On July 6, 2021, petitioner filed a habeas petition in the state appellate court, which was denied on September 1, 2021.  (*Id.* at 5.)  On October 7, 2021, petitioner filed a habeas petition in the state supreme court, which was denied on February 16, 2022.  (*Id.* at 5-6.)  Under the prisoner mailbox rule, petitioner filed his federal habeas petition on May 2, 2022.[2]  (Pet., Dkt. No. 1 at 16.)

## DISCUSSION

### I.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has a statute of limitations, which is codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court

---

[1] Even if petitioner's conviction did not become final until 60 days after sentencing, when the deadline for filing a direct appeal had passed, s*ee* Cal. Rule of Court  8.104 and 8.308(a), the petition would still be untimely.

[2] The Court assumes that he put the petition in the prison mail the day he signed it and will use that as the filing date under the prisoner mailbox rule.  *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

ORDER OF DISMISSAL
CASE NO. 22-cv-02819-RS

2

and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244 (d)(1). This one-year clock starts ticking 90 days after the state's highest court has completed direct state review. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II. Timeliness of the Petition under the One-Year Limitation Period

Under the one-year limitation period, the petition is untimely. Petitioner had until March 8, 2017 to file a timely habeas petition, which was one-year after his state convictions became final.[3] 28 U.S.C. § 2244(d). He did not file his federal petition until May 2, 2022, well after the deadline.

Petitioner contends he has "presented newly discovered claims after petitioner diligence demonstrated [*sic*] an unauthorized sentence." (Opp. to MTD, Dkt. No. 16 at 5.) While the delayed discovery of a factual predicate of a claim can be the basis for a delayed start to the limitations period (28 U.S.C. § 2244(d)(1)(D)), petitioner fails to specify what the factual predicates are, when he discovered them, or why they could not have been discovered through the exercise of due diligence. Also, the facts underlying the claims he raises in his petition (an unauthorized sentence, never being given a waiver form to sign, and a failure to be advised of his rights) would have been known to petitioner at the time of sentencing. Therefore, he has not shown any reason for a delayed start to the limitations period under 28 U.S.C. § 2244(d)(1)(D). Absent sufficient statutory or equitable tolling, the petition is untimely and will be dismissed.

---

[3] Petitioner is not entitled to the additional 90 days afforded by *Bowen*. Because he did not appeal, and therefore did not obtain a state supreme court decision on his appeal, he could not petition the United States Supreme Court for review.

ORDER OF DISMISSAL
CASE NO. 22-cv-02819-RS

### III. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). A state habeas petition filed after AEDPA's statute of limitations ended, such as is the case here, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner filed his first state habeas petition on April 23, 2021, which was after the one-year filing deadline of March 8, 2017. Petitions filed after the one-year deadline cannot toll the limitations period.[4] Also, for the reasons stated above, petitioner is not entitled to a delayed start to the limitations period. Therefore, petitioner is not entitled to any statutory tolling.

### IV. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

---

[4] Even if these petitions were filed before the limitations period expired, it is unlikely they would toll the limitations period. Petitioner waived his right to challenge collaterally his convictions.

swallow the rule." *Id.* (citation omitted).

Petitioner does not make any assertions regarding equitable tolling, and therefore he has not shown he had been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. Rather, he repeatedly contends that an unauthorized sentence "may be challenged in a habeas corpus petition at anytime" and cites California state court cases in support. (Opp. to MTD, Dkt. No. 16 at 2.) This contention is unavailing. That state law allows a prisoner to challenge an unauthorized state sentence at any time does not apply to the timeliness determination under AEDPA. What those state cases mean is that a prisoner may at any time raise *in state court* a challenge to an unauthorized state sentence. Also, the underlying merits of a petition are irrelevant to whether a federal petition is timely. *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."); *Huapaya v. Martinez*, No. 14-cv-05305-HSG (PR), 2016 WL 403397, at *5 (N.D. Cal. Feb. 3, 2016); *Whaley v. Grounds*, No. CV 11-6771 FMO(JC), 2013 WL 1304906, at *8 (C.D. Cal. Feb. 28, 2013).

Petitioner also contends he has "presented newly discovered claims after petitioner diligence demonstrated [*sic*] an unauthorized sentence was imposed by the trial court." (Opp. to MTD, Dkt. No. 16 at 5.) While the delayed discovery of a factual predicate of a claim can be the basis for a delayed start to the limitations period (28 U.S.C. § 2244(d)(1)(D)), petitioner fails to specify what the factual predicates are, when he discovered them, or why they could not have been discovered through the exercise of due diligence. Also, the facts underlying the claims he raises in his petition would have been known to him at the time of sentencing. He has not shown he had been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. Petitioner is not entitled to equitable tolling.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 14.) The petition is DISMISSED. The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability in the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**Dated:** April 13, 2023

_____
RICHARD SEEBORG
Chief United States District Judge